IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| ANTHONY EDDINGS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 08-269-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| PUBLIC STORAGE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Anthony Eddings
c/o Lisa Temler
8634 S. E. Mill Street
Portland, Oregon 97216

    Pro Se Plaintiff

John A. Schwimmer
Sussman Shank LLP
1000 S. W. Broadway, Suite 1400
Portland, Oregon 97205-3089

    Attorney for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Anthony Eddings filed a Complaint alleging defendant Public Storage sold his personal property without notice. Before the court is defendant's Motion to Dismiss (#10).

**FACTS**

These facts are taken from defendant's Statement of Facts. Plaintiff has not responded to defendant's Motion to Dismiss and has not submitted his own recitation of the facts.

Defendant offers individual storage units for rent. On September 1, 2007, Eric Mintun signed a lease with defendant for a storage unit and was identified on the lease as the "Tenant." The lease identified "Anthoney Eddin"[1] as "Alternate," who was allowed to access the unit. Decl. of Gregory S. Goheen ("Goheen Decl.") Ex. 2. Eddings did not give his address. Only "personal property that belongs to Tenant" is allowed to be stored in the unit. Id. Furthermore, in boldface type, the lease prohibits an individual from storing property in the unit that has an aggregate value of more than $5,000, and limits defendant's responsibility for any loss to $5,000. The lease specifically states that the storage units are not "suitable for the storage of heirlooms or precious, invaluable or irreplaceable property[.]" Id. Mintun stopped paying rent, and defendant sent written notice of foreclosure. Defendant attempted to contact Eddings through Mintun. Defendant published notice of the upcoming sale. Neither individual paid the rent, and defendant sold the contents of the unit at public auction for $5. According to plaintiff's Complaint, he used some of the items for his small business, and some of the items belonged to his deceased mother.

---

[1] Plaintiff's name is Eddings, but the lease spells his name Eddin or Eddins. Defendant and the court assume the lease refers to plaintiff.

Page 2 - OPINION AND ORDER

## LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

## DISCUSSION

Defendant contends that this court lacks subject matter jurisdiction because plaintiff fails to allege the basis of the court's jurisdiction in his Complaint and, alternatively, the case does not involve the requisite amount in controversy.

Defendant is correct that plaintiff does not state the basis for this court's jurisdiction. Although the form complaint plaintiff completed is used for civil rights violations, plaintiff does not allege such a violation thereby precluding the existence of federal question jurisdiction.

Assuming plaintiff alleges jurisdiction on the basis of diversity, plaintiff cannot show that his claim meets the required minimum amount in controversy. According to statute, "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

Normally, the amount in controversy is evaluated by looking at the complaint. Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 363 (9th Cir. 1986). However, where it appears "to a legal certainty that the claim is really for less than the jurisdictional amount," dismissal may be justified. Id. at 364. Only three circumstances meet this test: "1) when the

terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." Id.

Plaintiff's complaint prays for $100,000 for emotional and mental stress and punitive damages. However, as defendant points out, assuming plaintiff has a legal claim to the items in the unit, the terms of the contract limit plaintiff's recovery to $5,000. I see no reason why this limitation would not be enforceable, and plaintiff does not identify any reasons. In addition, it does not appear that plaintiff would be entitled to emotional or mental distress damages, or punitive damages. See Farris v. United States Fid. & Guar. Co., 284 Or. 453, 458, 587 P.2d 1015 (1978) (reversing lower court's award of damages for mental distress and punitive damages for breach of contract claim); Morrow v. First Interstate Bank, N.A., 118 Or. App. 164, 167, 847 P.2d 411 (1993) (with respect to trespass to chattels or conversion claim, "the general rule is that emotional damages are not recoverable in the absence of some physical injury"). Finally, I conclude that the facts as alleged by plaintiff would not entitle him to punitive damages in the amount of $95,000--nineteen times the actual damages he can claim. See ORS 31.730(1) (appropriate for actions that are malicious or recklessly indifferent to a highly unreasonable risk of harm); State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425 (punitive damages generally limited to single-digit ratio to satisfy due process).

Because plaintiff filed his Complaint *pro se*, I must permit him to amend his Complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Here, plaintiff would be unable to remedy the deficiencies in his pleading and

Page 4 - OPINION AND ORDER

his Complaint must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss (#10) is granted. This case is dismissed with prejudice.

IT IS SO ORDERED.

Dated this      5th       day of November, 2008.

                                                  /s/ Garr M. King
                                                  Garr M. King
                                                  United States District Judge